IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CV 11-0028-PHX-SRB (ECV) |
| Plaintiff/Respondent, | CR 09-0396-005-PHX-SRB |
| vs. | **REPORT AND RECOMMENDATION** |
| Timothy Wayne Allen, | |
| Defendant/Movant. | |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

Pending before the court is Movant's *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Doc. 1).[1] Also pending is Movant's Motion to Toll Time for Filing Notice of Appeal (Doc. 10 of CV 11-0028-PHX-SRB (ECV) and Doc. 173 of CR 09-0396-PHX-SRB).

**BACKGROUND**

On October 30, 2009, Movant pleaded guilty, without a plea agreement, to three offenses alleged against him in an indictment: 1) Conspiracy to Possess with Intent to Distribute Marijuana, 2) Possession with Intent to Distribute Marijuana, and 3) False Statement (Doc. 153 of CR 09-0396-PHX-SRB). On January 11, 2010, Movant was

---

[1] Unless otherwise indicated, the cited docket numbers are from the civil case that was opened upon the filing of the motion to vacate.

1 | sentenced to 66 months in prison for each of the first two offenses and 60 months for the
2 | third, all to run concurrently. (Id.). He was also sentenced to five years of supervised
3 | release. (Id.). On February 8, 2010, an amended judgment was filed that contained forfeiture
4 | information not included in the original judgment. (Doc. 156 of CR 09-0396-PHX-SRB).
5 | A second amended judgment was filed on January 6, 2011, three days after Petitioner filed
6 | his motion to vacate. (Doc. 164 of CR 09-0396-PHX-SRB). The second amended judgment
7 | informed Movant of his right to appeal within 14 days. (Id.). This information was not
8 | included in the two prior judgments.

9 | Movant filed his motion to vacate on January 3, 2011, and a supporting memorandum
10 | on January 18, 2011. (Doc. 1, 5). He alleges two grounds for relief in the motion. First , he
11 | alleges that his lawyer provided ineffective assistance of counsel when he failed to file a
12 | timely notice of appeal despite being instructed to do so. Second, he alleges that his lawyer
13 | provided ineffective assistance of counsel by failing to effectively argue against a two-level
14 | sentencing enhancement for possession of a firearm by co-conspirators during the offense.
15 | (Doc. 8). For relief, Movant requests that the court vacate the sentence and impose a new
16 | sentence of 51 months. The United States ("Respondent") filed a Response to Defendant
17 | Allen's Motion under 28 U.S.C. § 2255 on April 5, 2011. (Doc. 9). Movant has not filed a
18 | reply. On April 8, 2011, however, Movant filed a Motion to Toll Time for Filing a Notice
19 | of Appeal in which he asserts that he did not received the second amended judgment filed
20 | on January 6, 2011, informing him of the right to file a direct appeal within 14 days. (Doc.
21 | 10). Respondent has not filed a response to the motion to toll time.

22 | Also on April 8, 2011, Movant filed a Notice of Appeal (Doc. 174 of CR 09-0396-
23 | PHX-SRB) and, soon thereafter, paid the filing fee. On July 5, 2011, a three-judge panel of
24 | the Ninth Circuit Court of Appeals issued an Order finding Movant's notice of appeal
25 | untimely and dismissing the matter. U.S. v. Allen, No. 11-10180 (9th Cir. filed July 5, 2011).
26 | The same panel subsequently denied a petition for rehearing and rehearing en banc
27 | (construed as a motion for reconsideration and reconsideration en banc). U.S. v. Allen, No.
28 |

11-10180 (9th Cir. filed September 8, 2011). The Court also ordered that "[n]o further filings shall be accepted in this closed case." Id.

**DISCUSSION**

**A.  Motion to Vacate**

The two-prong test for ineffective assistance of counsel was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Strickland, 466 U.S. at 689-90.

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. A defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citing Michael v. Louisiana, 350 U.S. 91, 101 (1955)). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.

**1. Failure to File Notice of Appeal**

Movant alleges in an affidavit attached to his memorandum in support of the motion to vacate that while still in the courtroom after his sentencing hearing, he told his lawyer he wanted to appeal the sentence. (Doc. 5, Attachment). Movant contends that he asked his lawyer to file the necessary paperwork. (Id.). He further alleges that his lawyer responded by informing Movant that his fee did not include filing an appeal and covered only the change of plea and sentencing. (Id.). Movant claims that his lawyer further explained that

if Movant wanted to appeal, he would need to either request appointment of counsel or retain another lawyer. (Id.). Movant claims that his lawyer also told him that he would not agree to represent Movant on appeal as retained counsel because he did not believe an appeal would be successful. (Id.).

In an affidavit attached to the government's response to the motion to vacate, Movant's former counsel explains that during their conversation after the sentencing hearing Movant said he was very pleased with the sentence of 66 months imposed by the Court and did not want to appeal. (Doc. 9, Exh. 3). He states that Movant had been told by a previous lawyer that he was facing 70-87 months under a written plea offer that had been extended earlier. (Id.). Instead, Movant pled to the Court without a plea agreement and was satisfied with the sentence. (Id.). The attorney also states that his firm handled criminal appeals at that time and he would have been happy to represent Movant on appeal, if Movant wanted to pursue it. (Id.).

The court finds that based on the information presented, Movant is entitled to no relief on this claim. According to Movant's own version of events, he knew immediately after the sentencing hearing that a notice of appeal would not be filed on his behalf. Despite knowing this, and despite his professed desire to pursue an appeal, Movant made no attempt to file his own notice of appeal. Nor did he seek appointment of new counsel for the purpose of filing an appeal. Movant simply contends that he was unaware of the procedures involved in filing a notice of appeal and therefore the time lapsed. In light of Movant's failure to take any action on his own to pursue an appeal of his sentence, the court finds it more likely that Movant was satisfied with the sentence he received following his guilty pleas and did not wish to pursue an appeal at that time.

Additionally, the court finds that the issue Movant intended to raise on appeal was not likely to succeed. As set forth below, the Court at sentencing did not err in applying a two-level firearm enhancement based on the possession of guns by Movant's co-conspirators. Thus, even if counsel had filed a notice of appeal on Movant's behalf, Movant has not demonstrated that the result would likely have changed. For these reasons, the court finds

1 that Movant has not established that his lawyer provided ineffective assistance of counsel
2 regarding a notice of appeal. The court will recommend that this claim be denied.

### 2. Failure to Prepare for Sentencing

Next, Movant contends that during the sentencing hearing his lawyer failed to sufficiently challenge the application of the two-level firearm enhancement. He claims his lawyer failed to familiarize himself with established precedence regarding the firearm enhancement and thus was unable to effectively argue against its application.

As the sentencing transcript reflects, Movant's counsel urged the Court not to apply the enhancement. (Doc. 9, Exh. 2 at 8-9). Rather than argue that it was not reasonably foreseeable that Movant's co-conspirators might carry guns to further the objectives of the conspiracy, Movant's counsel instead argued that the enhancement did not apply because the conspiracy ended before the weapons were found in the possession of Movant's co-conspirators. (Id.). Counsel based this argument on the fact that the last drug transaction occurred before the co-conspirators were found with guns. (Id.). The Court rejected this argument, however, because marijuana was found at Movant's home two days after the guns were found on the co-conspirators. (Id.). The Court therefore determined that the conspiracy was still ongoing after the weapons were found because by possessing the marijuana, Movant was still acting in furtherance of the conspiracy. (Id.)

After rejecting counsel's argument, the Court applied a foreseeability standard to determine if the enhancement should be assessed. (Doc. 9, Exh. 2 at 9-10). The Court found "it was foreseeable to anyone in this conspiracy that some other conspirator might possess weapons in connection with the protection of the drugs or the money." (Id. at 10). The Court further explained that the enhancement did not require Movant to have any actual knowledge the guns were possessed. (Id.).

Movant argues that more was required to establish foreseeability and that had his lawyer adequately researched the issue, he would have known that. Movant claims that the burden of proving foreseeability rests with the government and that there is no presumption

1 of foreseeability. He contends that in cases where the enhancement was applied, more factors were present than in his case to support the foreseeability determination.

The court finds that U.S. v. Garcia, 909 F.2d 1346, 1349-50 (9th Cir. 1990) supports the application of the firearm enhancement, and that none of the cases cited by Movant compel a different outcome. In Garcia, the Ninth Circuit found that even though the defendant had no actual knowledge that his co-conspirator possessed a firearm, the defendant should reasonably have foreseen that the co-conspirator would possess a gun during a major drug sale. Id. at 1350. The factor relied on by the Court of Appeals to determine foreseeability was the large amount of drugs involved. Id.

Here, like Garcia, the Court based its foreseeability determination on "the significant quantities of drugs." (Doc. 9, Exh. 2 at 7). The Court agreed there was no evidence Movant had actual knowledge that two co-conspirators "had guns in connection with their drug dealing." (Id. at 8). Given the quantity of marijuana involved, however, the Court determined it was foreseeable that others might carry guns to protect the drugs or money. (Id.). Because this court finds the Garcia case on point, counsel's failure to argue other cases that did not compel a different result does not constitute defective performance. Moreover, because there is no reasonable likelihood that arguing other cases would have produced a different result, there is no prejudice.

Additionally, the court finds that counsel's decision to argue the conspiracy ended before the weapons were discovered rather than argue that Garcia was not on point was a reasonable strategy determination. As counsel indicated in his affidavit, he was aware of the Garcia case and deemed it to be directly on point. It was therefore reasonable to present an alternative argument.

For these reasons, the court will recommend that Movant's second claim of ineffective assistance be denied. Having concluded that both ineffective assistance claims should be denied, the court will recommend denying the motion to vacate.

**B.  Motion to Toll Time**

In the motion to toll time for filing a notice of appeal, Movant argues that he did not receive notice of the Amended Judgment (Doc. 164 of CR 09-0396-PHX-SRB) until almost three months after it was filed. The amended judgment expressly advised Movant of the right to appeal within 14 days of the entry of judgment. Movant contends he was informed of the amended judgment on March 28, 2011, two days after he had asked another inmate to find out if the government had filed a response to his motion to vacate. He then received a copy of the amended judgment on March 30, 2011, and immediately thereafter filed the instant motion to toll along with a Notice of Appeal (Doc. 174 of CR 09-0396-PHX-SRB).

The court docket reflects that notice of the amended judgment was electronically mailed to the attorney who represented Movant at his change of plea and sentencing. There is nothing to indicate a separate notice was sent to Movant.

The Ninth Circuit Court of Appeals has already determined that Movant's notice of appeal was untimely. U.S. v. Allen, No. 11-10180 (9th Cir. filed July 5, 2011). The Court relied on Rule 4(b) of the Federal Rules of Appellate Procedure which governs the time to file an appeal in a criminal case. Rule 4(b)(1)(A) provides that a notice of appeal must be filed in the district court within 14 days after the entry of the judgment. Rule 4(b)(4) allows the district court, upon a finding of excusable neglect or good cause, to "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Additionally, Rule 26(b) of the Federal Rules of Appellate Procedure expressly prohibits the court from extending the time to file a notice of appeal except as authorized in Rule 4. The timeliness of the notice of appeal having already been decided by a higher court, this court will recommend that Movant's motion to toll the time for filing a notice of appeal be denied.

**IT IS THEREFORE RECOMMENDED:**

That Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 1) be **denied**; and

That Movant's Motion to Toll Time for Filing Notice of Appeal (Doc. 10 of CV 11-0028-PHX-SRB (ECV) and Doc. 173 of CR 09-0396-PHX-SRB) be **denied**.

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because Movant has not made a substantial showing of the denial of a constitutional right.

This report and recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 20th day of September, 2011.

Edward C. Voss
United States Magistrate Judge