**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CV11-0028-PHX-SRB |
| ) | CR09-0396-PHX-SRB |
| Plaintiff/Respondent, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Timothy Wayne Allen, ) | |
| ) | |
| Defendant/Movant. ) | |
| ) | |

Movant, Timothy Wayne Allen, filed his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence on January 3, 2011, raising two claims. Allen first contends that his lawyer failed to file a timely notice of appeal despite being instructed to do so. Allen also claims that counsel provided ineffective assistance at sentencing. On January 18, 2011, Allen filed his memorandum in support of his motion. The Government responded in opposition on April 5, 2011. Allen did not file a reply.

On April 8, 2011, Allen filed a Motion to Toll Time for Filing Notice of Appeal on the alleged grounds that the amended judgment entered by this Court January 6, 2011, revived his right to appeal but that he failed to receive a copy of the amended judgment until March 28, 2011.

The Magistrate Judge issued a Report and Recommendation on September 20, 2011 recommending that Allen's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28

U.S.C. § 2255 be denied and that his Motion to Toll Time for Filing Notice of Appeal also be denied. Thereafter, Allen filed a timely objection to the Report and Recommendation arguing that the Report and Recommendation was untimely, suggesting that the Court's January 6, 2011 amended judgment constituted a grant of Allen's first claim in his motion. Allen also argues in his objections that the Magistrate Judge erred in recommending that his request for reinstatement of appellate rights be denied and erred in finding no ineffective assistance of counsel at sentencing related to the offense level calculation which included a two-point adjustment based on a co-conspirators' possession of guns. Allen also objects to the Magistrate Judge's recommendation to deny the Motion to Toll Time for Filing a Notice of Appeal. On page 18 of his objections Allen presents a suggestion for resolution of his pending motions.

Allen pled guilty without a plea agreement to three felonies, Conspiracy to Possess With the Intent to Distribute Marijuana, Possession With Intent to Distribute Marijuana and False Statement. Sentencing proceeded on January 11, 2011 and Allen was sentence to 66 months in prison on Conspiracy to Possess With the Intent to Distribute Marijuana and Possession With Intent Distribute Marijuana and to 60 months for False Statement. The three sentences were ordered to run concurrently. At the change of plea proceeding Allen was advised by this Court that on the two marijuana charges he faced a mandatory minimum sentence of 5 years in prison. At sentencing the presentence report calculated Allen's offense level at 25 and his criminal history category at 2.

Allen's counsel objected to the offense level calculation arguing that there should be no two-level adjustment for the presence of a weapon. The weapons in this case were possessed by two of Allen's co-defendants and not by Allen. Based on the facts before the Court, the Court determined that two members of the conspiracy were in possession of guns, that the guns were possessed in connection with drug transactions, and that it was also foreseeable to Allen that other members of the conspiracy might possess guns in connection with the drug trafficking offenses. The objection was overruled and the two-level adjustment was applied. The Court determined that Allen's offense level was 25 and his criminal history

category was 2. The resulting guideline recommended range for imprisonment was 63-78 months.

Allen's counsel requested the mandatory minimum sentence of 60 months. The Government requested the guidelines recommended maximum sentence of 78 months. The presentence report recommended a sentence of 70 months. After considering the guidelines recommended sentence, the Court considered the other 18 U.S.C. § 3553 factors and imposed the sentence of 66 months on the two marijuana counts and 60 months on the False Statement count, the terms to run concurrently. At the conclusion of the sentencing proceeding Allen was advised as follows:

> Mr. Allen, you have a right to appeal from the orders of the court and to have a lawyer represent you. If you can't afford one, a lawyer will be appointed and the necessary records and transcripts provided at government expense.
>
> If you wish to appeal, you must do so within fourteen days of today or your rights to appeal will be waived.
>
> Do you understand, sir?
>
> Allen answered, "Yes, ma'am."

(Hr'g Tr. 26:6-13, Jan. 11, 2010.)

The Judgment signed by the Court on January 13, 2010 (Doc. 153) and the First Amended Judgment signed February 8, 2010 (Doc. 156) (which updated the forfeiture of Defendant's property not included in original judgment) incorrectly included waiver of appeal language used when defendants plead guilty pursuant to a plea agreement. The January 6, 2011, Second Amended Judgment corrected that error and accurately reflected that the Defendant had been advised of his right to appeal. Allen's position that the Second Amended Judgment was an attempt by this Court to revive his right to appeal based on his assertion that his lawyer failed to file a timely notice of appeal on his behalf is simply wrong. The Second Amended Judgment was entered to reflect what occurred at the time of sentencing on January 11, 2010.

After review of Allen's motion, memorandum, the government's response and Allen's objections, the Court finds itself in agreement with the Report and Recommendation of

1  Magistrate Judge. The transcript of sentencing makes clear that Allen was advised of his
2  rights to appeal and understood those rights. In his papers Allen doesn't deny this and alleges
3  that he directed his lawyer to appeal. This assertion by Allen is not credible. His lawyer
4  could easily have filed a notice of appeal on his behalf had he been instructed to do so.
5  Moreover, the advisement of the rights to appeal included the advisement of his right to
6  appointed counsel if he could not afford one. If as Allen suggests his lawyer refused to file
7  a notice of appeal because he had not been retained to do so, Allen could have sought the
8  appointment of counsel for appeal.

9  The fact that Allen waited for a year to suggest that he instructed his lawyer to file a
10 notice of appeal as grounds for his 2255 motion also shows his lack of credibility about what
11 he instructed his lawyer to do. What is credible and what the Magistrate Judge found is that
12 Allen was pleased with his sentence of only 66 months and did not want to appeal.

13 The Court also agrees with the Magistrate Judge that Allen has failed to show
14 ineffective assistance of counsel. His lawyer did object to the application of the two-level
15 firearm adjustment and the Court overruled that objection. The guideline calculation
16 correctly applied the weapons possession adjustment because even if Allen had no actual
17 knowledge that his co-conspirators were in possession of firearms he could have reasonably
18 foreseen that a co-conspirator would possess a gun during a transaction involving such a
19 substantial quantity of marijuana.

20 Finally, the Court agrees with the Magistrate Judge that the district court has no
21 authority to toll the time for filing a notice of appeal. Even if the Court agreed with Allen's
22 suggestion that the January 6, 2011 Amended Judgment revived his right to appeal the only
23 authority vested in this Court under Rule 4(b) of the Federal Rules of Appellate Procedure,
24 would be to extend the time to file a Notice of Appeal not more than 30 days.

25 THEREFORE IT IS ORDERED overruling the objections to the Report and
26 Recommendation of the Magistrate Judge.

27 IT IS FURTHER ORDERED adopting the Report and Recommendation of the
28 Magistrate Judge as the Order of this Court (Doc. 11).

1    IT IS FURTHER ORDERED that Allen's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 is denied (Doc. 1).

    IT IS FURTHER ORDERED that Allen's Motion to Toll Time for Filing Notice of Appeal is denied (Doc. 10)..

    IT IS FURTHER ORDERED denying a certificate of appealability. The Court finds that Allen has not made a substantial showing of the denial of a constitutional right.

    DATED this 3rd day of January, 2012.

    _____
    Susan R. Bolton
    United States District Judge